EVERALDO MALDONADO, Appellant, *v.* REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

No. 902. Submitted November 6, 1933.—Decided November 29, 1933.

*Isaías M. Crespo* for appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Magdalena Jiménez Sotomayor, after obtaining a divorce from her husband, sold to Everaldo Maldonado her undivided interest and rights in a certain parcel of land which had belonged to the conjugal partnership. The deed contained a recital to the effect that the assets of the conjugal partnership had been liquidated extrajudicially and that a certain part of the land in question had been allotted to the wife. This portion or subdivision was also described in the instrument and the purchaser agreed to accept and did accept the same as equivalent to the undivided interest and rights actually conveyed to him. A registrar of property refused to record the deed because Fidel Alvarez was not a party thereto. *Muñoz v. Registrar,* 41 P.R.R. 672, is cited in support of this ruling.

The deed did not purport a conveyance of the land alleged therein to have been allotted to the wife. It did not attempt to bind and did not bind the divorced husband in any way.

It did bind the purchaser to abide by the result of the division which was said to have been already made but this did not change the character of the instrument. The transaction as a whole was simply a conveyance of the vendor's undivided interest or whatever right, title, and interest she had in the larger parcel of land subject to final liquidation of the conjugal partnership, whether already made or to be made. As such it was eligible to record. See *Quiñones* v. *Registrar*, 16 P.R.R. 15; *Escalera* v. *Falú*, 19 P.R.R. 716; *Ríos* v. *Registrar*, 19 P.R.R. 708; *García* v. *Registrar*, 27 P.R.R. 575; *Becerra* v. *Registrar*, 27 P.R.R. 770; *Allende* v. *Registrar*, 28 P.R.R. 529; and *Muñoz* v. *Registrar*, 30 P.R.R. 68.

The ruling appealed from must be reversed.